

**NORTHERN DISTRICT OF TEXAS**
**ENTERED**
**TAWANA C. MARSHALL, CLERK**
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed June 2, 2006                  United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TECNET, INC., a/k/a US ACCESS | § | Bankruptcy Case No. 04-34162 HDH-7 |
| | § | |
| ENHANCED GLOBAL CONVERGENCE | § | Bankruptcy Case No. 05-30990 HDH-7 |
| SERVICES, a/k/a EGCS, and | § | |
| INNOVATIVE ENHANCED | § | Substantively Consolidated Under |
| COMMUNICATION SERVICES | § | Bankruptcy Case No. 04-34162 HDH-7 |
| | § | |
| **Consolidated Debtors** | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON JOINT MOTION TO COMPROMISE CONTROVERSY

On June 1, 2006, this Court considered the *Joint Motion for Approval of Compromise and Settlement Agreement Pursuant to Bankruptcy Rule 9019*. The joint motion was filed on behalf of the substantively consolidated bankruptcy estates of TecNet, Inc. ("TecNet") and Enhanced Global Convergence Systems ("EGCS") (collectively, the "Debtors"), and Telephone Electronics Corp. ("TEC"), Walter J. Frank, Jr. ("Frank"), LM Data of Texas ("LM Data"), Arete Sales and Marketing,

LLC ("Arete") (collectively, the "Frank Parties"), and Robert M. Simels, P.C. ("Simels") (collectively, the "Joint Movants"). At the time of the hearing, the Joint Movants announced that the settlement had been increased from a $100,000 payment to the Trustee, to a payment of $400,000. The amended settlement is reflected in Trustee's Exhibit 1-A admitted into evidence. The Joint Movants appeared through counsel and offered evidence in support of the motion.

Several objections were filed. By the time of the hearing only two objections were remaining, one filed by Global Crossing Bandwidth, Inc., and the other by David Eisenstadt and Richard Brown, assignees of Star Telecom Network, Inc. ("STN"). The objecting parties also offered evidence and arguments against approval of the motion.

### *Rule 9019 Standards*

A court should approve a settlement under Rule 9019 if the settlement is within a range of reasonableness, fair and equitable, and in the best interest of the bankruptcy estate. "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision, comparing the terms of the compromise with the likely rewards of litigation." *In re Cajun Elec. Power Co-op., Inc.,* 119 F.3d 349, 356 (5th Cir. 1997) (citations omitted); *see also Protective Committee for Independent Stockholders of TMT Trailer Ferry v. Anderson,* 390 U.S. 414 (1968); *United States v. AWECO, Inc. (In re AWECO, Inc.),* 725 F.2d 293 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.),* 624 F.2d 599 (5th Cir. 1980).

The Fifth Circuit has directed that, in determining whether to approve a proposed settlement, a Bankruptcy Court must evaluate the following factors: (1) The probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors

bearing on the wisdom of the compromise. *In re Jackson Brewing Co.,* 624 F.2d at 602. Under the third, catch-all provision, the Fifth Circuit has specified two additional factors. First, the court should consider the best interests of the creditors, "with proper deference to their reasonable views." *In re Foster Mortgage Corp.,* 68 F.3d 914, 917 (5th Cir. 1996). Second, the court should consider "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id.* at 918 (internal citations omitted).

### *Application to the Present Case*

Scott Seidel, Trustee of the Debtors' estates ("Trustee") testified in support of the settlement, as amended. The Trustee was not particularly enthusiastic about the settlement, but credibly explained his reasons for settling. Among those reasons are the ending of litigation with the other Joint Movants (the defendants in litigation with the Trustee), realizing cash in an expeditious fashion, and the avoidance of additional attorneys fees and expenses. The Trustee testified that the litigation was uncertain, complex and would be expensive to litigate to a final judgment. In addition, the Trustee voiced concerns over a pending summary judgment motion filed against him in the adversary proceeding and set later this month.

The litigation which has been settled has been lengthy and contentious. There are legal issues which could very well cause it to be an "all or nothing" proposition for the Trustee, and some of those issues are the subject of the upcoming motion for summary judgment.

The Trustee is an experienced Trustee, one who appears in this Court almost every week. In addition, he is a practicing bankruptcy lawyer, knowledgeable of the law and the uncertainty of litigation.

According to the Trustee, he has made the best deal he can under the circumstances. He did

receive some proposals from the STN objecting parties, but could not reach a final agreement. The proposal with the STN objecting parties would have required the Trustee to continue litigation and share in the upside.

In matters such as the present one, this Court normally defers to the business judgment of the Trustee and does not go behind it. The role of the judge is not to litigate the case for the Trustee or to do his job for him. That is especially true in a case where the Trustee is very experienced.

The proposed settlement raised a concern with the Court which was expressed by the objecting parties. The Trustee is not receiving a release under the proposed settlement. Arguably, according to the objecting parties, the $400,000 received or retained by the Trustee could be vulnerable to turnover or "claw back", should the other Joint Movants lose in litigation filed against them by the STN objecting parties. The Court shares this concern.

For the above reasons the Court will approve the settlement, but on conditions. The proposed agreement does not make clear that the $400,000 paid to the Trustee will not be subject to future claims by the Joint Movants in litigation brought against them by STN, which could end unsuccessfully for the Joint Movants. The order approving the settlement, to be prepared by counsel for the Trustee, should include the following language:

> No portion of the $400,000 to be received or retained by the Trustee on behalf of the bankruptcy estates under the settlement shall be subject to any turnover, "claw back," or other claim by the other parties to the settlement.

If the Joint Movants agree to this condition and sign the order approving the settlement, then the settlement will be approved.

###End of Findings & Conclusions###